Charlie A. HAYS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4355.

Court of Appeals of Alaska.

April 23, 1993.

Kathleen Murphy, Asst. Public Defender, Palmer, and John B. Salemi, Public Defender, Anchorage, for appellant.

David G. Berry, Asst. Dist. Atty., Kenneth J. Goldman, Dist. Atty., Palmer, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

COATS, Judge.

Charlie A. Hays, Jr., pleaded no contest to driving while license suspended, in viola-

tion of AS 28.15.291. Hays reserved his right to appeal the trial court's denial of his motion to suppress all evidence gathered after his truck was stopped by State Trooper Jeannine Santora. *See Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

Trooper Santora stopped Hays' pickup because she suspected that it was the vehicle involved in a recently reported "gas drive-away", a theft in which a driver had pumped gas into his vehicle and then left without paying for the gas. Hays argues that Santora's suspicion was not reasonable.

Santora testified that after getting a radio report that a green Ford pickup had driven away from the 7–11 store in Wasilla without paying for gas, she responded by driving toward Wasilla on the Parks Highway, watching traffic coming in the other direction. Approximately fifteen minutes after receiving the report, Santora saw a green Ford pickup on the highway coming from the direction of Wasilla.

After she pulled Hays' pickup over, but before she got out of the patrol car, Santora realized that there was some discrepancy between the truck she had just stopped and the vehicle description she had been given. She saw that the truck had only two male occupants, rather than the two male and one female reported by the person who called in the gas theft. Santora also realized that the pickup's license plate number did not match the license number that had been reported. Still, according to her testimony, Santora was "not convinced" that she had the wrong vehicle. She therefore walked over to the pickup and asked the driver, Hays, if he had just come from the Wasilla 7–11. Santora also asked Hays for identification, and it was then that she learned that his driver's license had been revoked.[1]

■ Under Alaska law, an investigative stop is permitted where an officer "has a reasonable suspicion that imminent public danger exists or serious harm to persons or property has recently occurred[.]" *Cole-*

1. No connection was ever established between Hays and the gas theft.

man v. State, 553 P.2d 40, 46 (Alaska 1976). In determining the legality of a stop we use a flexible approach, balancing the seriousness and recency of the suspected crime and the strength of the officer's suspicion against the intrusiveness of the stop. State v. G.B., 769 P.2d 452, 455–56 (Alaska App.1989).

■ As we noted in G.B., a well-founded suspicion that a crime is in progress or has just been completed may justify a stop even though the crime itself is not a particularly serious one. Conversely, a crime that is a more serious threat to public safety may provide sufficient basis for a stop based on reasonable suspicion even after considerable time has passed.

■ The report Santora received was a minor crime and included no suggestion of an imminent threat to public safety. The amount of time that passed between Santora's receipt of the report and the stop in this case was significant considering the fact that both Santora and Hays were traveling in motor vehicles.

Santora was not in Wasilla when she got the report of the gas theft. Santora testified that she did not recall having been given any indication of the gas thief's direction of travel. She responded to the report by driving towards Wasilla on the Parks Highway; fifteen minutes later, she saw Hays' pickup coming from the direction of Wasilla. At highway speed, Santora would have travelled almost fifteen miles between receiving the call and spotting Hays. During this time the gas thief could also have driven fifteen miles in any direction. Santora provided no information of how far from Wasilla the stop occurred. Santora did not articulate any particular reason to suspect she would encounter the thief where and when she contacted Hays. Moreover, there was little correspondence between the suspect vehicle and Hays'. Hays' truck matched the description only in that it was a green Ford pickup. The number of passengers differed from that reported. More importantly, Hays' license plate number did not match that of the truck involved in the gas theft.

The state argued that Santora acted reasonably in pulling Hays' truck over because at the time Santora had not yet noticed that the license number and the number of occupants in the truck did not match the description she had been given. This argument begs the real question, which is whether it was reasonable for Santora to pull the truck over before checking the license number. The state bears the burden of showing that Santora's action was reasonable. There is no indication in the record that anything prevented Santora from simply following Hays' truck on the highway to determine the number of occupants and if his license number matched the one reported to her. Had Santora done this, instead of stopping the truck as soon as she saw it, she would presumably have realized that the variance between Hays' truck and the reported description made it unreasonable to suspect Hays of the gas theft.

When we review investigative stops, "the fundamental inquiry in each case is whether 'a prompt investigation [was] required ... as a matter of practical necessity.' " State v. G.B., 769 P.2d at 456, quoting Coleman v. State, 553 P.2d at 46. In this case the record discloses no practical necessity for Santora's immediate stop of the Hays' vehicle.

We conclude that the trial court erred in denying Hays' motion to suppress. The judgment of conviction is REVERSED.